*Eastern Dist.*
*May*, 1839.

SARGEANT
*vs.*
DAUNOY.

---

## SARGEANT *vs.* DAUNOY.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where an undertaker gave an order to his plasterer on the owner, payable out of the second and third instalments of the price of building, when the house was finished, which was accepted: *Held*, that no subsequent agreement between the undertaker and owner prolonging the time of finishing the house, could change the obligation of the acceptor of the order, although the house was destroyed by fire in the mean time.

SARGEANT
vs.
DAUNOY.

Neither party to a contract has any power to change his obligations to a third party, growing out of said contract, by subsequently altering or prolonging its execution, as between themselves.

This is an action by a plasterer against the owner of a building, on her acceptance of an order, drawn by the undertaker, Charles Clark, authorizing her to retain certain sums out of the second and third instalments of the price of building her house, according to contract between them.

This contract is dated 17th of November, 1837, for nine thousand dollars, as the price of erecting a dwelling house, payable in three instalments of three thousand dollars each; the first one of which is to become due when the house should be completed, which was to be delivered the 17th of May, 1838.

The plaintiff went on to do the plastering in reference to this contract, and on the faith of the defendant's acceptance. In the mean time, the defendant stopped the workmen, (carpenters,) and required some alterations to be made; in consequence of which, the house was not finished and delivered the 17th of May, as agreed on originally between the parties. On the 18th, the house was destroyed by fire. The defendant then made objection to paying the balance due on the order, as the house was not delivered according to contract and the tenor of the order.

The plaintiff, however, had judgment, and the defendant appealed.

*L. Janin,* for the plaintiff, insisted, that the defendant had no right to alter her contract with Clark, so far as the plaintiff had acquired an interest in it, by protracting the time when the house was to be finished.

*Bodin, contra,* contended, that the acceptance sued on was conditional; that condition was, the completion of the building, for which no time was limited; the condition may yet be performed, or the plaintiff must show that it is certain, this condition will never happen. *Louisiana Code,* 2033.

2. The fulfilment of this condition has not been prevented by the defendant. The act of the defendant is not illegal, for she could annul or modify her contract with Clark at will. *Idem.* 2734 and 2736.

*Eustis, J.*, delivered the opinion of the court.

The plaintiff, a plasterer by trade, who was employed by Charles Clark, to do the plastering in a house which he had undertaken to build for the defendant, presented to the defendant an order from Clark, authorizing her to retain five hundred dollars out of the second payment due to him, to be paid to the plaintiff when the plastering should be finished, and a further sum of seventeen hundred dollars to be retained out of the third payment, and paid to the plaintiff when the house should be entirely finished.

This order was accepted in writing, on the 30th December, 1837.

By the contract made between the defendant and Clark, the house was to have been delivered on the 17th of May, 1838. On the 18th of May, the house was destroyed by fire.

It appears in evidence, that a change was made in the contract, by agreement between the defendant and Clark, and that the work on the house was stopped by order of the defendant, in the month of February ; at this time the house could have been finished according to the contract, in six weeks. The whole work of the plaintiff was done at that time, with the exception of two rooms, for which allowance has been made in the judgment of the court below. The day before the defendant stopped the work, she acknowledged to the master carpenter that she was the security to the plaintiff for two thousand two hundred dollars, which she was willing to pay when due.

The defendant had no power to change her obligations towards the plaintiff, by altering her contract with Clark, to which the plaintiff was privy, and in reference to which he expended his labor. If they thought proper to make a new contract, and dissolve the former one, the plaintiff, on every

EASTERN DIST. principle of justice, ought to be paid. It is true that the
*May*, 1839. plaintiff was to be paid when the house should be finished ;
RASCH but the defendant had no right to prevent its being finished
*vs.* at the time stipulated in the contract.
JOHNS AND CO.

We have no evidence before us which induces us to believe
that the house would not have been finished at the time
mentioned in the contract, if the original plan had not been
changed, and the work not interrupted by the defendant.

We consider that the non-fulfilment of the contract is to
be attributed to the acts of the defendant, and that the
plaintiff's claim for his labor expended on the faith of it,
ought not to be impaired thereby.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.